UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:  
Nelly Alvarez

Case No: 12-19729  
Chapter 13

_____Debtor_____/

**FIRST AMENDED**  
**MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN**  
**ON REAL PROPERTY**

**IMPORTANT NOTICE TO CREDITORS:**  
**THIS IS A MOTION TO VALUE YOUR COLLATERAL**

This Motion seeks to value collateral described below securing the claim of the creditor listed below.

---

**IF YOU DISPUTE THE VALUE ALLEGED OR TREATMENT OF YOUR CLAIM PROPOSED IN THIS MOTION, YOU MUST FILE A WRITTEN OBJECTION NO LATER THAN TWO BUSINESS DAYS PRIOR TO THE SCHEDULED HEARING [SEE LOCAL RULE 3015-3(A)(2)]**

If you have not filed a proof of claim, you have until the later of the claims bar date or 21 days from the date this Motion was served upon you to file a proof of claim or you will be deemed to have waived the right to payment of any unsecured claim to which you might otherwise be entitled. [See Local Rule 3015-3(A)(4)]

1. Pursuant to 11 U.S.C. §506, Bankruptcy Rule 3012, and Local Rule 3015-3, the debtor seeks to value real property securing the claim of __Westland Manor East Condominium Association Inc,__ (the "lien holder"). Lien holder holds a lien recorded at OR Book _28044_ Page _912_ in the official records of _Miami-Dade_ County, Florida.

2. The real property is located at _6620 West 2nd Court, #408, Hialeah, FL 33012_ and is more particularly described as follows:

WESTLAND MANORS EAST CONDO
UNIT 408 UNDIV 1/64% INT IN COMMON
ELEMENTS OFF REC 10134-1221 OR
18334-150 0898 4

3. At the time of the filing of this case, the value of the real property is $ 41,590 as determined by 2011 Miami-Dade County Property Appraiser Market Value.

   IndyMac Mortgage Services holds a lien on the real property, senior to priority to lien holder, securing claims in the aggregate amount of $ 96,898 .

5. *(Select only one):*

   __X__ lien holder's collateral consists solely of the debtor's principal residence. As there is no equity in the real property after payment in full of the claims secured by liens senior to that of lien holder, the value of lien holder's secured interest in the real property is $0.

   ___ Lender's collateral is not solely the debtor's principal residence. After payment in full of the claims secured by liens senior to that of Lender, there is equity of $ _____ remaining in the real property. Accordingly, the value of Lender's secured interest in the real property is $ _____ and the value of the Lender's unsecured, deficiency claim is $ _____ .

6. The undersigned reviewed the docket and claims register and states (select only one):

   __X__ Lender has not filed a proof of claim in this case. The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. In the event a proof of claim is timely filed, it shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim as filed.

   or

   ___ Lender filed a proof of claim in this case. It shall be classified as a secured claim to the extent provided in paragraph 5, above, and as a general unsecured claim for any deficiency, regardless of the original classification in the proof of claim.

7. The subject real property may not be sold or refinanced without proper notice and further order of the court.

**WHEREFORE,** the debtor respectfully requests an order of the Court (a) determining the value of the real property in the amount asserted in this Motion, (b) determining the secured status of the Lender's lien as stated above, (c) determining that any timely filed proof of claim is classified as stated above, (d) if Lender's secured interest in the real property is determined to be $0, deeming Lender's mortgage on the real property void and extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case, and (e) providing such other and further relief as is just.

**NOTICE IS HEREBY GIVEN THAT:**

1. In accordance with the rules of this Court, unless an objection is filed with the Court and served upon the debtor, the debtor's attorney, and the trustee at least two (2) business days prior to the hearing scheduled on this Motion, the value of the collateral may be established at the amount stated above without further notice, hearing or order of the Court. Pursuant to Local Rule 3015-3, timely raised objections will be heard at the hearing scheduled on the Motion.

2. The undersigned acknowledges that this Motion and the notice of hearing thereon must be served pursuant to Bankruptcy Rule 7004 and Local Rule 3015-3 at least 21 days prior to the hearing date and that a certificate of service must be filed when the Motion and notice of hearing thereon are served.

**Submitted by:**

LEGAL SERVICES OF GREATER
MIAMI, INC.


By _____/s/_____
    Carolina A. Lombardi
    Florida Bar No. 241970
    Attorney for Debtor
    3000 Biscayne Boulevard
    Suite 500
    Miami, FL 33137
    Telephone: (305) 438-2427
    Email: CLombardi@lsgmi.org

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing First Amended Motion to Value was mailed this August 15, 2012, to:

Westland Manor East Condominium Association Inc.
Yudany Fernandez, Esquire
Alfaro and Fernandez, P.A.
5801 NW 151 Street # 305
Miami Lakes, FL 33014

and

Registered Agent for Westland Manor
East Condominium Association, Inc.
Neighborhood Property Management, Inc.
2150 West 68th Street
Suite #5
Hialeah, FL 33016

and transmitted electronically to:

Nancy N. Herkert, Trustee
e2c8f01@ch13herkert.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

/s/
Carolina A. Lombardi