

**ORDERED in the Southern District of Florida on October 5, 2012.**

*[signature]*

Laurel M. Isicoff, Judge
United States Bankruptcy Court

___

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No: 12-19729 |
| Nelly Alvarez | Chapter 13 |
| _____Debtor_____/ | |

### ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY DEBTOR

THIS CASE came to be heard on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE 33; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A. The value of the debtor's real property (the "Real Property") located at 6620 West 2nd Court, #408, Hialeah, FL 33012, and more particularly described as:

> WESTLAND MANORS EAST CONDO UNIT
> 408 UNDIV 1/64% INT IN COMMON
> ELEMENTS OFF REC 10134-1221 OR
> 18334-150 0898 4

is $41,590 at the time of the filing of this case.

  B. The total of all claims secured by liens on the Real Property senior to the lien of (the "Lienholder") is $ 96,898.

  C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lienholder is $ -0-  and Lienholder has a secured interest in the Real Property in such amount.

  Consequently, it is **ORDERED** as follows:

  1. The Motion is **GRANTED**.

  2. Lienholder has an allowed secured claim in the amount of $ -0- .

  3. Because Lienholder's secured interest in the Real Property is $0, Lienholder's lien recorded on March 22, 2012, in OR Book 28044 Page 912 of the official records of Miami-Dade County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case.  If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lienholder's lien will no longer be considered void and shall be restored as a lien on the Real Property.

  4. (Select only one):

   XX   Lienholder has not filed a proof of claim in this case.  The trustee shall not disburse any payments to Lender unless a proof of claim is timely filed.  In the event a proof of claim is timely filed, it shall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

   or

_____    Lender filed a proof of claim in this case.  It shall be classified as a secured claim in the amount provided in paragraph 2, above, and as a general unsecured claim in the amount of $ _____, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

### 

Submitted By:
LEGAL SERVICES OF GREATER MIAMI, INC.


By _____/s/_____
Carolina A. Lombardi
Florida Bar No.  241970
Attorney for Debtor
3000 Biscayne Boulevard
Suite 500
Miami, FL 33137
Telephone: (305) 438-2427
Primary Email Clombardi@lsgmi.org
Secondary Email Ozaribaf@lsgmi.org

Attorney Carolina A. Lombardi is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.